Biles, J., concurring:
I agree with the majority opinion except on the jury trial waiver claim. As to that, I concur in the result. I would affirm the district court on this point as generically as it was argued in defendant's brief. I would further hold any argument about the trial court's alleged deficiency based on a more specific concern about potential juror bias was abandoned because it was not briefed. See Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 35) (appellant's brief must include "[t]he arguments and authorities relied on, separated by issue if there is more than one").
Redick only argued generally in his brief that the district court did not adequately advise him about the scope of his jury trial right before his waiver. He claimed the court failed to inform him of "his many rights." The only particular deficiency he drew attention to was that the district court "did not inform [him] of ... the idea that twelve jurors must unanimously find Mr. Redick guilty beyond a reasonable doubt versus one district court judge deciding the facts."
But at oral argument, Redick showed up to assert that the real problem with the jury waiver colloquy was the trial court's failure to sufficiently explore with him his concern about potential juror bias. He said this should have caused the district court to better explain his right to an impartial jury and elaborate how the voir dire process guards against juror bias. The court's failure to do so, he asserted, rendered the colloquy inadequate and justified reversal.
When confronted, Redick conceded this was not argued in his brief. He excused that oversight by noting the hearing transcript reflected defense counsel's statement that *1217 Redick sought to waive his jury trial right because "he was fearful that it would be difficult to find a jury that will not be prejudiced against him." He said **811 quoting the transcript in his brief should be good enough to appear before this court and assert for the first time his real concern about jury bias as the basis for reversing his conviction.
But hearing transcripts and records on appeal frequently provide factual support for arguments that are not advanced on appeal, and that is my problem. All Redick did in his brief was make a generic argument about plea waiver colloquies, while noting one flaw in particular-an alleged failure to inform him in greater detail that 12 jurors must unanimously find him guilty beyond a reasonable doubt "versus one district court judge deciding the facts." Showing up at oral argument with something new is inexcusable. Appellate practice is not a seat-of-the-pants business. See State v. Bowen , 299 Kan. 339, 355, 323 P.3d 853 (2014) (holding when a litigant fails to adequately brief an issue it is deemed abandoned); see Rule 6.02(a)(5). We should not tolerate a litigant briefing one deficiency within a broad generic subject area and then claiming another at oral argument, nor should we address that concern in our decision.
As the majority points out, our caselaw gives an appellate court under specific circumstances discretion to address an issue raised for the first time on appeal. This practice has difficulties because appellate review is transformed into resolving a different case from the one the district court decided. See Access Now, Inc. v. Southwest Airlines Co ., 385 F.3d 1324, 1331 (11th Cir. 2004) (" '[T]oo often our colleagues on the district courts complain that the appellate cases about which they read were not the cases argued before them.' "). Those difficulties are made worse when the new complaint is not even specified in the appellant's brief.
Therefore, I would not walk the path set by Redick for the first time during oral argument by gratuitously stating, as the majority does, its preference that the trial judge should have "explained the steps that could have been taken to ensure the seating of a fair and impartial jury, whose participation in the process would be unadulterated by prejudicial pretrial news coverage." Op. at 1213. Generic claims need not receive more detailed attention, particularly when a specific deficiency is the only one mentioned in the briefing. Arguments made for the first time at oral argument **812 should not be rewarded with prompts from this court about best trial practices for our district courts.
Our rules put all litigants on notice they must articulate their claims with sufficient specificity to permit opposing parties and the court to know what the appeal is really about. Concerns mentioned during trial court proceedings do not progress to the appellate courts by stealth. They need to be briefed, or they are abandoned.
Nuss, C.J. and Stegall, J., join the foregoing concurrence.